**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00222-CR**
_____

**TIMOTHY ADDISON MCKEEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-07-09805-CR**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Timothy Addison McKeel for the second-degree felony offense of online solicitation of a minor to engage in sexual contact or sexual intercourse or deviate sexual intercourse with him. *See* Tex. Penal Code Ann. § 33.021(c). In an open plea, McKeel pleaded guilty and elected to have the trial court assess punishment. He also pleaded "true" to two felony enhancements. The trial court sentenced him to sixty years of confinement and certified that he had the right to appeal his sentence only. We affirm the trial court's judgment.

1

McKeel's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 811, 813 (Tex. Crim. App. 1978) (outlining frivolous brief procedure in contested cases). On October 25, 2024, after McKeel's counsel filed his brief, we granted an extension of time for McKeel to file a pro se brief in response. McKeel has not filed a pro se brief.[1]

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

---

[1]McKeel did send a letter complaining he did not receive a copy of the record. In response, McKeel's counsel promptly filed a copy of correspondence dated November 19, 2024, sent to McKeel enclosing tracking information in the form of a certified mail receipt showing the documents were delivered. Counsel further advised that if McKeel still could not locate the documents, to let him know if he wanted counsel to resend the record. We have no indication that McKeel could not locate the documents after receiving the tracking information. McKeel did not file anything further with this Court.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on July 14, 2025
Opinion Delivered July 22, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[2]McKeel may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3